UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LOCAL 30, INTERNATIONAL UNION OF
OPERATING ENGINEERS, AFL-CIO,

                                                        MEMORANDUM & ORDER
                Petitioner,        13-CV-2499(JS)(GRB)

     -against-

WOOD GROUP POWER OPERATIONS LLC,

                Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:    Robert T. McGovern, Esq.
                   Archer, Byington, Glennon & Levine, LLP
                   One Huntington Quadrangle, Suite 4C10
                   P.O. Box 9064
                   Melville, NY 11747

For Respondent:    Ann Odelson, Esq.
                   Carroll McNulty & Kull, LLC
                   570 Lexington Avenue, 8th Floor
                   New York, NY 10022

                   Samuel Zurik, Esq.
                   The Kullman Firm
                   1100 Poydras Street, Suite 1600
                   New Orleans, LA 70163

SEYBERT, District Judge:

        Currently pending before the Court are: (1) respondent Wood Group Power Operations LLC's ("Respondent") motion for summary judgment (Docket Entry 14); (2) petitioner Local 30, International Union of Operating Engineers, AFL-CIO's ("Petitioner" or the "Union") motion for summary judgment (Docket Entry 15); and (3) Magistrate Judge Gary R. Brown's Report and Recommendation ("R&R") on the motions (Docket Entry

27). For the following reasons, Judge Brown's R&R is ADOPTED in its entirety, Petitioner's motion for summary judgment is GRANTED, and Respondent's motion for summary judgment is DENIED.

BACKGROUND[1]

The Court presumes familiarity with the underlying facts of this case, which are detailed in Judge Brown's R&R. Briefly, Thomas Rooney, a member of the Union, worked as an operating engineer and maintenance technician ("OEMT") for Respondent. On March 14, 2012, Respondent terminated Mr. Rooney's employment. (Pet'r's 56.1 Stmt., Docket Entry 17, ¶ 5; Resp't's 56.1 Reply, Docket Entry 19, ¶ 5.)

Thereafter, the Union raised a dispute regarding Mr. Rooney's termination pursuant to the Collective Bargaining Agreement ("CBA") between it and Respondent. (Resp't's 56.1 Stmt., Docket Entry 14-2, ¶ 5.) Arbitrator Randall M. Kelly addressed two issues:

> (1) "Did [Respondent] violate Article 9 of the collective bargaining agreement when it terminated Grievant, Thomas Rooney on March 14, 2012? If not, what shall be the remedy? and

> (2) "Whether [Respondent] terminated the Grievant, Thomas Rooney, because of union animus?"

---

[1] The following facts are drawn from the parties Local Civil Rule 56.1 Statements ("56.1 Stmt.") and Counterstatements ("56.1 Counterstmt.") and the evidence in support. Where relevant, any factual disputes are noted.

2

(Resp't's 56.1 Stmt. ¶ 6 (quoting Arbitration Award, attached to Zurik Decl., Docket Entry 14-4, Ex. 2-A).)

Arbitrator Kelly determined that the Respondent did not properly follow the CBA when it terminated Mr. Rooney, but that he was not discharged because of union animus. (Resp't's 56.1 Stmt. ¶ 9 (citing Arbitration Award at 19-20).) He ultimately found that Mr. Rooney "'is to be reinstated to his former position or its equivalent with full back pay for periods he was physically able to work and no loss of seniority.'" (Resp't's 56.1 Stmt. ¶ 10 (quoting Arbitration Award at 20).)

On April 25, 2013, Petitioner filed this action to confirm the Arbitration Award. On November 15, 2013, Petitioner and Respondent filed cross-motions for summary judgment. Petitioner essentially argues that this Court must confirm the Arbitration Award under governing precedent. Respondent primarily argues that Petitioner asks this Court to "augment" the Arbitration Award. (See R&R at 4 (quoting Resp't's Br., Docket Entry 14-1, at 1).)

In his August 4, 2014 R&R, Judge Brown recommended that this Court confirm the Arbitration Award. (R&R at 6.) He found that Respondent did not actually challenge the award's validity and that the arbitrator provided a "colorable justification" for his decision. (R&R at 6.) Judge Brown further stated that Respondent's arguments are premature as they

3

focus on enforcement and compliance, issues to be decided at a later time and separate from confirmation. (R&R at 6-7.)

DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Here, the R&R specifically provided that objections were due within fourteen days of service. (R&R at 7.) The parties, having both appeared, received immediate service through the Court's Electronic Case Filing System when Judge Brown issued his R&R on August 4, 2014. No party has objected and the Court finds the R&R to be correct, comprehensive, well-reasoned and free of any clear error. Accordingly, the Court ADOPTS it in its entirety.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the foregoing reasons, Judge Brown's R&R is ADOPTED in its entirety. Petitioner's motion for summary judgment is GRANTED and Respondent's motion for summary judgment is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  22 , 2014
      Central Islip, NY